475 P.2d 955

Charles D. HANEY, Jr., and Mary Allen Haney, husband and wife, Appellants,

v.

CITY OF TUCSON, a municipal corporation, Appellee.

No. 2 CA–CIV 793.

Court of Appeals of Arizona, Division 2.

Nov. 2, 1970.

Rehearing Denied Dec. 2, 1970.

Review Denied Jan. 19, 1971.

Dunseath & Stubbs, P. C., by Robert C. Stubbs, Tucson, for appellants.

Lewis C. Murphy, City Atty., by J. Dan O'Neill, Asst. City Atty., Tucson, for appellee.

HOWARD, Chief Judge.

The controversy in this case revolves around the City's method of computing severance damages.

Appellants were the owners of a property located on the north side of East 22nd Street in Tucson, Pima County, Arizona. The land had in the before situation, sixty feet of frontage on 22nd Street with a depth of 128.21 feet. It was improved with a house that had been remodeled into professional and business offices.

As a result of this condemnation, East 22nd Street was widened which resulted in a strip of land of approximately 15 to 16 feet in width being taken from the front of the property. The appraiser for the City, as well as the one for the landowner, testified that the taking reduced the number of vehicles which could park in front of the improvements.

There was testimony that as a result of the taking, appellants' property was going to have assessments levied against it in the amount of $1,074.75.

The appraiser for the property owners valued the property in the before situation at $27,900.00. His after valuation was $18,150.00. Of the total damages suffered by the property owners, he testified that the part taken represented the sum of $2,260.00. The balance of the damages in the sum of $7,485.00, in his opinion, resulted from the depreciation of the remaining property brought about by the taking of the front parking plus the levying of the assessments in the amount of $1,074.75.

The appellants contend: (1) That the City did not apply the correct formula for computing severance damages; (2) that the City's appraiser did not take into consideration the impact of the assessments on the value of the remainder; (3) that in the State of Arizona it is impossible for the value of the remainder in the after situation to be the same as the value of the remainder in the before situation.

Arizona is committed to the rule that when only a part of the property is taken, the measure of severance damages is the difference between the market value of the property not taken before and after the taking. City of Tucson v. La Forge, 8 Ariz.App. 413, 446 P.2d 692 (1968); Deer Valley Industrial Park Development & Lease Co. v. State, 5 Ariz. App. 150, 424 P.2d 192 (1967); Suffield v. State, 92 Ariz. 152, 375 P.2d 263 (1962); State ex rel. Morrison v. Thelberg, 86 Ariz. 263, 344 P.2d 1015 (1959); County of Maricopa v. Shell Oil Company, 84 Ariz. 325, 327 P.2d 1005 (1958).

Appellants' contention that the City did not follow this rule is not substantiated

by the evidence. The City's appraiser used the income approach to value and testified as follows on direct examination:

"Q. On a blank sheet of paper, marked Plaintiff's Exhibit 29, I'm writing the word Ross, and in summary, Mr. Ross, your opinion of the market value of the property in the before situation is how much?

A. $17,000.

Q. And what is the value of the part taken and the improvements taken?

A. $1,580.

Q. And the value of the remainder in the before situation?

A. The value of the remainder in the before situation is $15,420."

The appraiser for the City then testified that it would cost the landowner $775.00 to construct and pave a driveway on the east side of the land to permit parking in the rear of the lot. This "cost to cure" approach was approved in Pima County v. De Concini, 79 Ariz. 154, 285 P.2d 609 (1955). He further testified, using the income approach to after value, that with the expenditure of the sum of $775.00, the remainder would have a value of $15,600.00. Subtracting the after value from the value of the remainder before, resulted ·in a finding of no severance damages other than the $775.00 of the cost to cure. The City's appraiser then testified to total damages in the sum of $775.00 plus the value of the part taken in the sum of $1,580.00 for a total of $2,355.00. It was the opinion of the City's appraiser that the reduction of the depth of the property in the after situation, with the attendant rear parking, would not affect the value of the site nor its gross income producing capabilities. Although appellants find this difficult to believe, their objection to the City's appraisal merely goes to its weight and not its competency.

■ Contrary to appellants' contentions, the City appraisal in the after situation did take into consideration the impact of the assessments. Although the value of the

remainder before and after formula does not mandate severance damages, the landowner in this case did receive severance damages in the sum of $775.00. In contrast to the allegations of the appellants, no benefits, general or special, were set off against the part taken. If the sum of $775.00 is expended and that sum will improve the property to such an extent that there is no difference between the value of the remainder before and after, the landowner has received all he is entitled to in the way of severance damages.

Judgment affirmed.

HATHAWAY and KRUCKER, JJ., concur.